**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
Kenneth J. Blankenbaker

Case No.: 19-22933

Judge: Gravelle

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☒ Modified/Notice Required    Date: March 31, 2020

☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: _____    Initial Debtor: _____    Initial Co-Debtor: _____

| Part 1: | Payment and Length of Plan |
|---|---|

a. The debtor shall pay $ __50__ per __month__ to the Chapter 13 Trustee, starting on __April 1, 2020__ for approximately __8__ months. The Debtor shall pay $3,513 per month starting on December 31, 2020 for 50 months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☐ Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☒ Loan modification with respect to mortgage encumbering property:
Description: 44 Mine Brook Road Colts Neck, NJ 07722
Proposed date for completion: June 1, 2020

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☐ NONE

a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

b. Adequate protection payments will be made in the amount of $ ___5526___ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____Selene Finance_____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 2750 - already paid |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

f. **Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

g. **Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Richard T. Santulli & Margaret Santulli | 44 Mine Brook Road Colts Neck, NJ 07722 | $110,000 |
| Santander Bank | 44 Mine Brook Road Colts Neck, NJ 07722 | $69,665.82 without interest. |

## Part 5:  Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than  100  percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions ☒ NONE

**NOTE:** All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f). ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions & Administrative Claims
2) Secured Claims
3) Priority Claims
4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: July 22, 2019                .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| The debtor obtains income from a retail jewelry store that has been required to close as a result of the COVID-19 virus. | The plan is being modified to reduce payments to $50 per month for the next 8 months and then resume payments in December 2020 for an additional 50 month period.  This modification is authorized under the CARES Act. |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 03/31/2020

_____
Debtor

Date: _____

_____
Joint Debtor

Date: 3-31-2020

_____
Attorney for Debtor(s)

```
                         United States Bankruptcy Court
                              District of New Jersey

In re:                                                          Case No. 19-22933-CMG
Kenneth J. Blankenbaker                                         Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin              Page 1 of 2        Date Rcvd: Apr 06, 2020
                              Form ID: pdf901          Total Noticed: 25


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 08, 2020.
db             +Kenneth J. Blankenbaker,    44 Mine Brook Road,    Colts Neck, NJ 07722-1749
aty            +Jack P. Baron,    Lum, Drasco & Positan, LLC,    103 Eisenhower Parkway,    Suite 401,
                 Roseland, NJ 07068-1049
cr             +SANTANDER BANK, N.A., F/K/A SOVEREIGN BANK, N.A.,    c/o Saldutti Law Group,
                 800 N. Kings Highway Suite 300,    Cherry Hill, NJ 08034-1511
cr             +Selene Finance LP as servicer for U.S. Bank Trust,    Friedman Vartolo, LLP,    85 Broad St,
                 85 Broad St,    New York, NY 10004-2434
cr             +WELLS FARGO BANK, N.A.,    Phelan Hallinan & Schmieg, PC,    1617 JFK Boulevard,    Suite 1400,
                 Philadelphia, PA 19103-1814
cr             +Wells Fargo Home Mortgage,    PO Box 10335,    Des Moines, IA 50306-0335
518330134      +Bethany Pediatrics,    1 Bethany Road,    Hazlet, NJ 07730-1667
518351878      +JS Bethany Pediatrics,    Simon's Agency Inc.,    POB 5026,    Syracuse, NY 13220-5026
518330136      +Mary Patricia Blankenbaker,    44 Mine Brook Road,    Colts Neck, NJ 07722-1749
518330137      +Phelan Hallinan Diamond & Jones,PC,    400 Fellowship Road, Suite 100,
                 Mount Laurel, NJ 08054-3437
518330139      +Richard & Margaret Santulli,    37 Blossom Cover Road,    Red Bank, NJ 07701-6302
518376702      +Richard and Margaret Santulli,    Attn: Jack P. Baron,    Lum, Drasco & Positan LLC,
                 103 Eisenhower Parkway, Ste. 401,    Roseland, NJ 07068-1049
518330142     ++STATE OF NEW JERSEY,    DIVISION OF TAXATION BANKRUPTCY UNIT,    PO BOX 245,
                 TRENTON NJ 08646-0245
                (address filed with court:   State of New Jersey,    Division of Taxation,    P.O. Box 245,
                 Trenton, NJ 08695-0245)
518330140      +Santander Bank,    P.O. Box 12707,    Reading, PA 19612-2707
518416214      +Santander Bank, N.A.,    c/o Saldutti Law Group,    800 Kings Highway N., Suite 300,
                 Cherry Hill, NJ 08034-1511
518573951      +U.S. Bank Trust National Association,    RAS Citron LLC,    130 Clinton Road, Suite 202,
                 Fairfield NJ 07004-2927
518330143      +Wells Fargo Bank,    P.O. Box 10335,    Des Moines, IA 50306-0335
518371380       Wells Fargo Bank, N.A.,    Wells Fargo Bank, N.A.,    Default Document Processing,
                 MAC# N9286-01Y,    1000 Blue Gentian Road,    Eagan MN 55121-7700

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 07 2020 01:05:13     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 07 2020 01:05:10     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518330135       E-mail/Text: sbse.cio.bnc.mail@irs.gov Apr 07 2020 01:04:38     Internal Revenue Service,
                 P.O. Box 7346,    Philadelphia, PA 19101-7346
518330138      +E-mail/Text: newbk@Regions.com Apr 07 2020 01:05:22     Regions Bank,    1900 Fifth Avenue,
                 Birmingham, AL 35203-2670
518565021      +E-mail/Text: bkteam@selenefinance.com Apr 07 2020 01:04:32     Selene Finance, LP,
                 9990 Richmond Ave.,    Suite 400 South,    Houston, TX 77042,    Selene Finance, LP,
                 9990 Richmond Ave. 77042-4546
518565020      +E-mail/Text: bkteam@selenefinance.com Apr 07 2020 01:04:32     Selene Finance, LP,
                 9990 Richmond Ave.,    Suite 400 South,    Houston, TX 77042-4546
518330141      +E-mail/Text: clientservices@simonsagency.com Apr 07 2020 01:05:44     Simon's Agency, Inc.,
                 4963 Winterssweet Drive,    Liverpool, NY 13088-2176
                                                                                               TOTAL: 7

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +U.S. Bank Trust National Association,    RAS Citron, LLC,    130 Clinton Road, Suite 202,
                 Fairfield, NJ 07004-2927
                                                                                             TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 08, 2020                                    Signature:  /s/Joseph Speetjens

```
District/off: 0312-3          User: admin               Page 2 of 2           Date Rcvd: Apr 06, 2020
                              Form ID: pdf901           Total Noticed: 25
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 5, 2020 at the address(es) listed below:
              Albert   Russo    docs@russotrustee.com
              Aleisha Candace Jennings    on behalf of Creditor    U.S. Bank Trust National Association
               ajennings@rasflaw.com
              Aleisha Candace Jennings    on behalf of Creditor    U.S. Bank Trust National Association, not in
               its individual capacity but solely as Owner Trustee for VRMTG Asset Trust ajennings@rasflaw.com
              Andrew L. Spivack    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com
              Jonathan C. Schwalb    on behalf of Creditor    Selene Finance LP as servicer for U.S. Bank Trust
               National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset
               Trust bankruptcy@friedmanvartolo.com
              Joseph   Casello    on behalf of Debtor Kenneth J. Blankenbaker jcasello@cvclaw.net,
               jcasello627@gmail.com
              Rebecca Ann Solarz    on behalf of Creditor    U.S. Bank Trust National Association, not in its
               individual capacity but solely as Owner Trustee for VRMTG Asset Trust rsolarz@kmllawgroup.com
              Rebecca K. McDowell    on behalf of Creditor    SANTANDER BANK, N.A., F/K/A SOVEREIGN BANK, N.A.
               rmcdowell@slgcollect.com
              Robert   Davidow    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com
              Sindi   Mncina    on behalf of Creditor    U.S. Bank Trust National Association, not in its
               individual capacity but solely as Owner Trustee for VRMTG Asset Trust smncina@rascrane.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 11
```