**Order Filed on February 9, 2021**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Authorized Agent for Secured Creditor
130 Clinton Road, Lobby B, Suite 202
Fairfield, NJ 07004
Telephone: 973-575-0707
Facsimile: 973-404-888

Shauna Deluca, Esq. (SD-8248)

In Re:

**Kenneth J. Blankenbaker,**

        **Debtor.**

Case No.:        19-22933-CMG

Chapter:        13

Hearing Date: January 20, 2021

Judge:        Christine M. Gravelle

## AGREED ORDER RESOLVING SECURED CREDITOR'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

ORDERED.

**DATED: February 9, 2021**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

**Page 2**

Secured Creditor: U.S. Bank Trust National Association, not in its individual capacity but solely as Owner Trustee for VRMTG Asset Trust

Secured Creditor's Counsel: Robertson, Anschutz, Schneid, Crane & Partners, PLLC

Debtors' Counsel: Joseph Casello, Esq.

Property Involved ("Collateral"): 44 Mine Brook Road, Colts Neck, New Jersey 07722

Relief sought:        ■ Motion for relief from the automatic stay

For good cause shown, it is **ORDERED** that Secured Creditor's Motion is resolved, subject to the following conditions:

1.        Status of post-petition arrearages as of <u>January 22, 2021</u>:
   ■ The Debtor is overdue for <u>10</u> months from <u>April 1, 2020</u> through <u>January 1, 2021</u>.
   ■ The Debtor is overdue for <u>10</u> payments from <u>April 1, 2020</u> through <u>January 1, 2021</u> at <u>$4,957.85</u> per month.

   Funds Held In Suspense $<u>656.20</u>

   Total Arrearages Due $<u>48,922.30</u>

2.        Debtor must cure all post-petition arrearages, as follows:

   ■ The Debtor has signaled his intent to pursue a Loan Modification with Secured Creditor through the Court's Loss Mitigation Program. The Debtor shall have <u>ninety</u> (90) <u>days</u> from the date the Loss Mitigation Order is entered to pursue a Loan Modification with Secured Creditor (the "Deadline").

   ■ The Debtor shall make a lump-sum payment in the amount of $<u>24,789.75</u> directly to Secured Creditor within <u>fifteen</u> (15) days of entry of this Order. This payment will be made in good, certified funds.

   ■ Secured Creditor will not demand the remaining arrearages pending the Debtor's application for a Loan Modification. However, if a Loan Modification is not approved by the Deadline, or the Debtor is denied of a Loan Modification, the remaining outstanding post-petition arrears balance at that time shall become due within <u>thirty</u> (30) days of denial or failure to secure a Loan Modification.

   ■ Beginning on <u>February 1, 2021</u>, regular monthly mortgage payments shall continue to be made in the amount of $<u>4,957.85</u>. This amount is subject to change based on escrow and/or interest rate adjustments.

3.    Payments to the Secured Creditor shall be made to the following address(es):

Selene Finance, LP
9990 Richmond Ave, Suite 400 South
Houston, TX 77042

4.    In the event of Default:

■ Should the Debtor(s) fail to make any of the above captioned payments, or if any regular monthly mortgage payment should become more than thirty (30) days late or if Debtor(s) fails to comply with any terms of this Consent Order, counsel shall file a Certification of Default with the Court. A copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Consent Order.

■ In the event the Debtor(s) convert(s) to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, counsel shall file a Certification of Default with the Court, a copy of the Certification shall be sent to the Chapter 13 Trustee, Chapter 7 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Consent Order.

■ This agreed order survives any loan modification agreed to and executed during the instant bankruptcy. If any regular mortgage payment due after the execution of a loan modification is more than thirty (30) days late, counsel shall file a Certification of Default with the Court a copy of the Certification shall be sent to the Chapter 13 Trustee, the Debtors, and Debtors' attorney and the court shall enter an Order granting relief from the Automatic Stay. Debtor shall pay $200.00 for each notice of default issued by Secured Creditor as a result of the Debtor's failure to comply with this Consent Order.

5.    Award of Attorneys' Fees:

■ The Applicant is awarded attorney fees of $350.00 and costs of $181.00.
        The fees and costs are payable:
        ■ Through the Chapter 13 plan.

The undersigned hereby consent to the form and entry of the foregoing order.

_____                    /s/ Shauna Deluca_____
Joseph Casello, Esq.                         Shauna Deluca, Esq.
*Attorney for Debtor*                        *Attorney for Secured Creditor*
Date:                                        Date: January 28, 2021